UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 2 8 2010 ★

**BROOKLYN OFFICE**

------------------------------------------------------x

GERALD WRIGHT,

        Petitioner,

      -against-

WILLIAM LEE,

        Respondent.

------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-2348 (SLT)

TOWNES, United States District Judge:

      Petitioner Gerald Wright, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court has examined this petition pursuant to the requirements set forth in Rule 4 of the Rules Governing Section 2254 Cases, and has determined, for the reasons set forth below, that the petition appears to be time-barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, although petitioner's application for *in forma pauperis* status is granted, the Court directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

**Background**

      On December 3, 2002, petitioner was convicted in the Supreme Court of the State of New York, Kings County, of three counts of burglary in the second degree and sentenced to three consecutive terms of 25 years to life imprisonment. *See* Petition at ¶¶ 1-5. On November 8, 2004, the Appellate Division affirmed the conviction, *People v. Wright*, 12 A.D.3d 468 (N.Y. App. Div. 2d Dep't 2004), and the New York Court of Appeals denied leave to appeal on February 3, 2005, *People v. Wright*, 4 N.Y.3d 804 (2005). Petitioner did not file a writ of certiorari to the United States Supreme Court. *See* Petition at 3, ¶ 9 (h).

**Discussion**

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Since petitioner does not state any facts suggesting the subsections (B) - (D) are applicable, this Court will focus entirely on subsection (A).

Under subsection (A), the instant petition appears untimely. Petitioner's conviction became final on or about May 4, 2005, upon expiration of the 90-day period for seeking a writ of certiorari. *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009); *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). However, the petition was not filed until May 16, 2010 – the date on which petitioner placed his petition in the prison mailing system. Petition at 15; *see, e.g.*, *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (applying the "prison mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266 (1988), to determine the date on which federal habeas corpus petitions were filed).

2

Since the petition was filed more than five years after his judgment of conviction became final, the petition is time-barred under 28 U.S.C. § 2244(d), unless tolling is applicable.

Tolling

     A.    Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). As used in the statute, "the term 'pending' . . . has been construed broadly to encompass all the time during which a state prisoner attempts, through proper use of state procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Kenrdrick v. Greiner*, 296 F.Supp.2d 348, 356 (E.D.N.Y. 2003). Thus, "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that the term "pending" includes the intervals between a lower court decision and a filing in a higher court for motions for collateral review).

According to the petition and the court documents incorporated therein, petitioner has filed at least three post-conviction motions pursuant to N.Y. C.P.L. § 440.10 and three petitions for writs of error coram nobis, all of which were denied at both the trial and appellate levels. An order by Acting Justice Thomas J. Carroll, dated April 9, 2009, and included in the petition, lists the dates on which the first four of these motions and petitions were filed and disposed of as follows:

| Motion | Date filed | Date disposed of | Days pending |
|--------|-----------|------------------|--------------|
| First § 440.10 motion | Aug. 24, 2005 | June 14, 2006 | 294 days |
| Second § 440.10 motion | Sept. 12, 2006 | Feb. 16, 2007 | 157 days |
| First Petition for Writ of Error Coram Nobis | Oct. 4, 2007 | April 11, 2008 | 180 days |
| Second Petition for Writ of Error Coram Nobis | May 23, 2008 | Dec. 12, 2008 | 203 days |

Justice Carroll's order did not provide the dates on which petitioner's third § 440.10 motion and third petition for a writ of error coram nobis were filed. Yet, this Court notes that even if these two submissions were filed on December 12, 2008, and remained pending until the instant petition was filed on May 16, 2010, the period of statutory tolling would total less than four years and would not be sufficient to make this action timely.

This Court will not assume, however, that Justice Carroll listed every one of petitioner's motions or petitions for post-conviction or other collateral review. In addition, Justice Carroll's order implies uncertainty with respect to the date on which some of the motions or petitions were filed. Accordingly, in order to calculate the period of statutory tolling, this Court directs petitioner to provide a complete list of his motions or petitions for post-conviction or other collateral review relating to his December 3, 2002, conviction; the dates on which these motions or petitions were filed; and the dates of each court decision relating to those motions or petitions

B.    Equitable Tolling

The limitations period may also be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," *Smith v. McGinnis*, 208 F.3d at 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007)(assuming without

deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). The Second Circuit has held that equitable tolling should be applied only in "'rare and exceptional circumstances.'" *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quoting *Smith*, 208 F.3d at 17). Petitioner does not make any arguments suggesting that equitable tolling should apply to this petition.

## Conclusion

For the reasons set forth above, the Court directs petitioner to show cause by written affirmation,[1] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner must provide the date on which he filed each motion or petition for post-conviction or other collateral review of his December 3, 2002, conviction, and the dates of the state court decisions related thereto. In addition, petitioner's affirmation should present any facts which would support equitable tolling of the period of limitations, if applicable.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
       May 27, 2010

---

[1] An affirmation form is attached to this order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GERALD WRIGHT,

                Petitioner,              **PETITIONER'S AFFIRMATION**

     -against-

                                    10-CV-2348 (SLT)
WILLIAM LEE,

                Respondent.
-------------------------------------------------------x

        GERALD WRIGHT, appearing *pro se*, makes the following affirmation under the

penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in

response to the Court's Order dated May_____, 2010. The instant petition should not be time-

barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

     In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

                                     _____
                                     Signature & Identification Number

                                     _____
                                     Address

                                     _____

                                     _____
                                     City, State & Zip Code

2