FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 0 8 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GERALD WRIGHT,

                Petitioner,

                -against-

WILLIAM LEE,

                Respondent.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-2348 (SLT)

**TOWNES, United States District Judge:**

On May 16, 2010, petitioner Gerald Wright, appearing *pro se*, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Memorandum and Order dated May 27, 2010, the Court directed petitioner to show cause why the petition should not be dismissed as time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Although petitioner has now filed an affirmation in response to this Court's order to show cause, that affirmation does not suggest a basis for equitable tolling and establishes that the instant petition is time-barred. Accordingly, this petition is dismissed.

## *BACKGROUND*

On December 3, 2002, petitioner was convicted in the Supreme Court of the State of New York, Kings County, of three counts of burglary in the second degree and sentenced to three consecutive terms of 25 years to life imprisonment. *See* Petition at ¶¶ 1-5. On November 8, 2004, the Appellate Division affirmed the conviction, *People v. Wright*, 12 A.D.3d 468 (N.Y. App. Div. 2d Dep't 2004), and the New York Court of Appeals denied leave to appeal on February 3, 2005. *People v. Wright*, 4 N.Y.3d 804 (2005). Petitioner did not seek a writ of certiorari to the United States Supreme Court. *See* Petition at 3, ¶ 9(h). Therefore, petitioner's judgment of conviction

became final on or about May 4, 2005, upon expiration of the 90-day period for seeking a writ of certiorari. *Lawrence v. Florida*, 549 U.S. 327, 334 (2007); *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).

The instant petition was not filed until May 16, 2010. In a Memorandum and Order dated May 27, 2010, this Court noted that because the petition was filed more than five years after the judgment of conviction became final and because petitioner had not stated any facts suggesting that subsections (B), (C) or (D) of 28 U.S.C. § 2244 (d)(1) applied to this case, the petition would be time-barred "unless tolling is applicable." *Wright v. Lee*, No. 10-CV-2348 (SLT), 2010 WL 2195602, at *1 (E.D.N.Y. May 27, 2010). However, since petitioner did not provide a comprehensive listing of his post-conviction motions – much less provide a list of the dates on which those motions were filed and disposed of – this Court could not determine whether enough time was statutorily tolled to render the instant petition timely. Accordingly, this Court directed petitioner "to provide a complete list of his motions or petitions for post-conviction or other collateral review relating to his December 3, 2002, conviction; the dates on which these motions or petitions were filed; and the dates of each court decision relating to these motions or petitions." *Id.*, at *2. In addition, this Court directed petitioner to "present any facts which would support equitable tolling of the period of limitations." *Id.*, at *3.

Petitioner has now filed an affirmation dated June 16, 2010, which complies with this Court's directives. With respect to the first directive, petitioner provided the following list of his motions or petitions for post-conviction or other collateral review:

| *Motion* | *Date filed* | *Date disposed of* | *Days pending* |
|---|---|---|---|
| First § 440 motion | Aug. 24, 2005 | June 14, 2006 | 294 days |
| Second § 440 motion | Sept. 12, 2006 | Feb. 16, 2007 | 157 days |
| First Petition for Writ of Error Coram Nobis | Oct. 4, 2007 | April 11, 2008 | 180 days |
| Second Petition for Writ of Error Coram Nobis | May 23, 2008 | Dec. 12, 2008 | 203 days |
| Third § 440 motion | Jan. 5, 2009 | Aug. 18, 2009 | 226 days |
| Third Petition for Writ of Error Coram Nobis | Aug. 28, 2009 | April 19, 2010 | 235 days |

However, petitioner alleges that the "first 440 was never signed by the Court," that "Judge Collini's decision was never entered into the record until 2 years later even though a decision was rendered," and that, as a result, "neither one of these decision[s] are [*sic*] deemed final." Petitioner's Affirmation dated June 16, 2010, at 1. Petitioner further alleges that the filing of his first § 440 motion was delayed when appellate counsel, to whom he had sent his draft motion, failed to return the draft promptly and lost portions of documents. *Id.*, at 2.

Petitioner also faults appellate counsel for failing to produce certain unspecified documents, and faults trial counsel for failing to provide him with a private investigator's name and address. *Id.* In addition, petitioner notes that the facilities in which he has been incarcerated have not made notaries available to inmates, and have "knock[ed] inmates off the call out for the library." *Id.* However, petitioner does not explain how his trial counsel's actions or the prison's limitations prevented him from filing his petition for a writ of habeas corpus.

3

## DISCUSSION

### *Statutory Tolling*

As noted in this Court's previous decision in this case, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted in calculating the one-year statute of limitations period. 28 U.S.C. 2244(d)(2). As used in the statute, "the term 'pending' . . . has been construed broadly to encompass all the time during which a state prisoner attempts, through proper use of state procedures, to exhaust state court remedies with regard to a particular post-conviction application. *Kendrick v. Greiner*, 296 F. Supp. 2d 348, 356 (E.D.N.Y. 2003). Thus, "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see Carey v. Saffold*, 536 U.S. 214 (2002).

The petition in this case was filed May 16, 2010 – more than five years after petitioner's conviction became final. By petitioner's own calculations, his § 440 motions and petitions for writs of error coram nobis were pending for a total of 1,295 days – a little more than 3½ years. Accordingly, even taking into account this period of statutory tolling, petitioner filed the instant petition for a writ of habeas corpus more than five months after the one-year period of limitations expired.[1]

---

[1] Petitioner's arguments for extending the statutory tolling period beyond 1,295 days are unpersuasive. First, petitioner's claim that Justice Feldman never signed her March 30, 2006, decision and order denying his first § 440 motion appears based on the fact that petitioner was sent a conformed copy of the order. Similarly, petitioner's claim that "Judge Collini's decision was never entered into the record" appears to be based solely on the fact that petitioner's copy of Justice Collini's December 1, 2006, decision did not bear a stamp indicating that it had been entered by the County Clerk. However, the fact that the Appellate Division reviewed the orders of Justices Feldman and Collini establishes that these orders were signed and entered.

4

### *Equitable Tolling*

Petitioner's Affirmation also fails to suggest a basis for equitable tolling of this five-month period. The limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." *Id.; see also Lawrence*, 549 U.S. at 336 (assuming without deciding that equitable tolling is available if petitioner can show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing). However, the Second Circuit has held that equitable tolling should be applied only in "'rare and exceptional circumstances.'" *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quoting *Smith*, 208 F.3d at 17).

Although petitioner alleges that his appellate counsel delayed his first § 440 motion and that trial counsel has failed to provide a private investigator's name and address, these allegations do not suggest a basis for equitable tolling. First, petitioner's claims that his appellate counsel's actions delayed the filing of his first § 440 motion are undercut by the documents appended to Petitioner's Affirmation dated June 16, 2010. One of those documents indicates that petitioner sent appellate counsel a draft of his § 440 motion in September 2003, months before petitioner's direct appeal was even filed. *See* Letter to Mr. Gerald Wright from Jonathan Garvin, Esq., dated Sept. 16, 2003. At the end of 2003, appellate counsel wrote petitioner a lengthy letter, explaining why the issues raised in petitioner's proposed § 440 motion were not viable and that appellate counsel would not file that motion on petitioner's behalf. *See* Letter to Mr. Gerald Wright from Jonathan Garvin, Esq., dated Dec. 31, 2003. Even if appellate counsel failed to promptly return petitioner's draft, this would not explain why petitioner could not file his first § 440 motion before August 24, 2005.

Similarly, the documents attached to Petitioner's Affirmation indicate that petitioner did not even request the private investigator's report from his trial counsel until March 25, 2009. *See* Letter to Phillip Smallman, Esq., from Gerald Wright, dated Mar. 25, 2009. By that time, the one-year statute of limitations had already run. Therefore, although other documents appended to Petitioner's Affirmation indicate that trial counsel may not have timely complied with petitioner's request, the delay occasioned by trial counsel's actions cannot serve as a basis for equitable tolling.

Finally, any suggestion that conditions in the facilities in which petitioner was incarcerated prevented him from timely filing the instant petition for a writ of habeas are unpersuasive. The lack of a notary public and the limitations on petitioner's use of the law library did not prevent him from filing three § 440 motions and three petitions for writs of error coram nobis during the four-year period between August 24, 2005, and August 28, 2009. Petitioner does not suggest any plausible basis for finding that he could not have filed a petition for a writ of habeas corpus during this period.

## *CONCLUSION*

For the reasons stated above, the petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). Petitioner's request to hold this petition in abeyance is denied. As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: July 6, 2010
Brooklyn, New York